1

2

3

4

5

6

7

8

9

10          UNITED STATES DISTRICT COURT

11            EASTERN DISTRICT OF CALIFORNIA

12

13   ALVIN CHAMPAGNE,                    )      1:10-CV-00103 LJO GSA HC
                                         )
           Petitioner,                   )
14                                       )      FINDINGS AND RECOMMENDATION
       v.                                )
15                                       )
                                         )
16   PAM AHLIN, Executive Director,      )
                                         )
17           Respondent.                 )
                                         )
18   _____

19        Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C.

20   § 2254.

21        On January 15, 2009, Petitioner filed a federal petition in this Court.  This petition was

22   assigned case number "1:09-CV-00101 OWW JLT HC," and is currently pending review on the

23   merits.  The petition challenges Petitioner's May 21, 2007, involuntary civil commitment pursuant to

24   California's Sexually Violent Predator Act ("SVPA").

25        On January 10, 2010, Petitioner filed a second federal petition for writ of habeas corpus in

26   this Court.  This petition has been assigned case number "1:10-CV-00103 LJO GSA HC." This

27   petition also challenges Petitioner's 2007 involuntary civil commitment pursuant to the SVPA.

28        "After weighing the equities of the case, the district court may exercise its discretion to

1    dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed

2    action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v.

3    California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally have

4    'no right to maintain two separate actions involving the same subject matter at the same time in the

5    same court and against the same defendant.'" Adams,  487 F.3d at 688 (quoting Walton v. Eaton

6    Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

7            In assessing whether a second action is duplicative of the first, the court examines whether

8    the causes of action and relief sought, as well as the parties or privies to the action, are the same.

9    Adams, 487 F.3d at 689.  First, the court must examine whether the causes of action in the two suits

10   are identical pursuant to the transaction test, developed in the context of claim preclusion.   Id.

11   Second, the court determines whether the defendants are the same or in privity.   Privity includes an

12   array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419

13   F.3d 989, 996 (9th Cir. 2005).   "The necessary elements of virtual representation are an identity of

14   interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996).

15   "Additional features of a virtual representation relationship include a close relationship, substantial

16   participation, and tactical maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at

17   996).

18          A plaintiff is required to bring at one time all of the claims against a party or privies relating

19   to the same transaction or event. Adams, 487 F.3d at 693.  The court has discretion to dismiss a

20   duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action

21   and litigating piecemeal the issues which could have been resolved in one action."   Adams, 487 F.3d

22   at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per

23   curiam)).

24          Because the instant petition challenges the same commitment as the petition currently

25   pending in case number "1:09-CV-00101 OWW JLT HC," the instant petition must be dismissed as

26   duplicative. To the extent Petitioner seeks to pursue his remedies with respect to the commitment, he

27   must do so in the original case.

28

U.S. District Court
E. D. California         cd                                2

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as duplicative.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:   February 9, 2010**                      **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE